IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS REAGAN,<br>    PLAINTIFF,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br>    DEFENDANT | Case No. 3:14-cv-2903 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq (hereinafter referred to as "TDCA").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

### PARTIES

6. The Plaintiff, Thomas Gonzalez ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

7. Defendant GC Services Limited Partnership ("Defendant") is a Delaware partnership believed to be operating from various places in the United States.

8. The Defendant can be served in Texas via its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

12. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. The Plaintiff disputes the Account.

17. The Plaintiff requests that the Defendant cease all further communication on the Account.

18. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

19. The Defendant acted at all times mentioned herein through its employee(s).

20. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff to collect the Account.

21. In one such conversation, on or about November 15, 2013, Defendant called Plaintiff and told Plaintiff that if Plaintiff did not voluntarily satisfy or begin satisfying the debt, Defendant had authority to pursue involuntary remedies such as wage garnishment.

22. As of the filing of this complaint, Defendant has not started any involuntary proceedings to obtain repayment of the debt as Defendant threatened it would.

23. At the time Defendant made the threats of pursuing involuntary remedies, Defendant did not have authority to pursue any such collection methods.

24. Additionally, the November 15, 2013 call from Defendant to Plaintiff was Defendant's first contact with Plaintiff and Plaintiff did not provide then, nor within 5 days of the call, the validation rights notice required by 15 U.S.C. § 1692g.

25. Furthermore, because the call with Plaintiff on or about November 15, 2013 was the first contact Defendant had with Plaintiff regarding the account, Defendant

overshadowed Plaintiff's right to dispute the debt by threatening to take additional measures against Plaintiff prior to the expiration of the 30 day dispute period.

26. Defendant's purpose for each telephone call(s) was to attempt to collect the Account.

27. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

28. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

29. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

32. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692(c)(a)(1)&(3) and 15 U.S.C. § 1692e and 15 U.S.C. § 1692g and Tex. Fin. Code § 392.301(7) and § 392.304(8).

33. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

34. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

35. The conduct of the defendant as described above was done knowingly and willfully and purposefully.

## RESPONDEAT SUPERIOR

36. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

37. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

38. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

39. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

40. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

41. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

42. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

43. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(c)(a)(1)&(3) and 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.

46. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(7) and § 392.304(8).

49. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

50. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion).   Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

51. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

## COUNT IV – UNREASONABLE COLLECTION EFFORTS

52. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for its unreasonable collection efforts.

53. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. – Waco 1962, writ ref'd n.r.e).

54. Defendant's collection efforts were unreasonable and wrongful.

55. Defendant's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to humiliation and mental anguish.

## EXEMPLARY DAMAGES

56. Exemplary damages should be awarded against Defendant because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by the Defendant to cause substantial injury or harm to the Plaintiff) and/or gross negligence (which means that the Defendant's actions and/or omissions (i) when viewed objectively from Defendant's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that the Defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of  others).

## JURY TRIAL DEMAND

57. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

58. WHEREFORE, the Plaintiff requests that the Court grant the following:

59. Judgment in favor of the Plaintiff and against the Defendant.

60. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

61. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

62. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

63. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

64. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996).

65. Permanently enjoin Defendant following trial of this cause from committing acts in violation of the statute(s) cited herein pursuant to Tex. Fin. Code § 392.403(a)(1).

66. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*